**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**

In re:                                          **CASE NO. 11-30848-KKS**
                                                **CHAPTER 7**
**AAA BRONZE STATUES & ANTIQUES,**
**INC.,**

     Debtor.

---

**VENETIAN ANTIQUES AND INTERIORS CORP. AND JONATHAN COHEN'S**
**OBJECTION TO CAROLYN CORP.'S NOTICE OF TRANSFER OF CLAIM**

Venetian Antiques and Interiors Corp. ("Venetian") and Jonathan Cohen a/k/a Giovanni Cohen ("Cohen"), by and through undersigned counsel, file this Objection to the Notice of Transfer of Claim (the "Notice") [ECFs 576 and 577] that was served after Carolyn Corp. filed its Evidence of Transfer of Claim [ECF 571], and state as follows:

1.    Neither Venetian nor Cohen have filed proofs of claim in this case.  Venetian has appeared as a party in interest because there is a dispute as to who the BP funds belong to. Carolyn Corp. recognizes this when states in its Evidence of transfer of Claim that "Venetian has made a claim for the funds being held by the Chapter 7 Trustee arising from the Debtor's Deepwater Horizon Oil Spill ("BP Claim"). See Adversary Proceeding No. 17-03008."

2.    That dispute, however, is not one of how much Venetian is owed.  Rather, the dispute is whether or not the funds belong to AAA Bronze Statutes and & Antiques, Inc. (the "Debtor") and thus are property of the bankruptcy estate.

3.    The Trustee has filed a motion for summary judgment in Adversary Proceeding No. 17-3008.  If Venetian, however, ultimately prevails in the adversary proceeding, then the BP proceeds would not be property of the bankruptcy estate, meaning this Court would have no jurisdiction to determine to whom the proceeds belong.

**SLATKIN & REYNOLDS, P.A.**
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

4.      Conversely, if the Trustee prevails, then Venetian has no claim to the funds, meaning there is nothing to transfer to Carolyn Corp. because Venetian would have no right to recover anything.

5.      Accordingly, there is no "claim" to transfer in this case from Venetian to Carolyn Corp. because the dispute between Venetian and the Trustee is not as to the amount of a proof of claim or some other right to payment that Venetian holds against the Debtor, but whether or not the money in question even belongs to the Debtor in the first place.  Thus, there is no "claim" to transfer from Venetian to Carolyn Corp.

6.      With regard to Cohen, Cohen was, at one time, the 100% owner of the Debtor.  If this case ultimately ends up as a surplus case, then Cohen, or any other owner of the shares, may be entitled to a distribution as the shareholders after all claims are paid and any other amounts that the Debtor owes are paid.  The Court certainly has jurisdiction to determine those amounts. *See In re Central Ice Cream Co.*, 836 F. 2d 1068, 1072 (7th Cir. 1987) ("The bankruptcy court should try to implement, rather than alter non-bankruptcy entitlements. Both shareholders and creditors have such entitlements.").

7.      However, Carolyn Corp. failed to attach anything to its Evidence of Transfer that demonstrates that it has any right to any residual distribution that shareholders would be entitled to if there ultimately is a distribution to shareholders.  The UCC-1 form that is attached, as well as the final judgment, only reference rights in property of <u>Venetian.</u>  There is no UCC-1 in favor of Carolyn Corp. regarding the assets of <u>Cohen</u>.

8.      Based on the foregoing, Carolyn Corp. has no right to assert any interest in any residual distribution to shareholders.  Nothing that Carolyn Corp. has attached to its Evidence of Transfer supports any assertion that <u>Cohen</u> has either voluntarily or involuntarily transferred his rights in any shares of the Debtor that he owns or owned to Carolyn Corp. that would ultimately

2

be entitled to any residual distribution in this case.  The Court should therefore strike the Notice of Transfer and find that nothing has been transferred to Carolyn Corp. that would entitle it to any distribution in this case.

WHEREFORE, for the reasons stated herein, Venetian and Cohen respectfully requests the Court Strike the Notice of Transfer, fined that Carolyn Corp. is not entitled to anything as a result of the filing if its Evidence of transfer as well as grant any further relief the Court deems proper under the circumstances.

Dated this 8th day of October, 2019.

SLATKIN & REYNOLDS, P.A.
Attorneys for Venetian Antiques & Interiors
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
rreynolds@slatkinreynolds.com

By: /s/ Robert F. Reynolds
    ROBERT F. REYNOLDS
    Fla. Bar No. 174823

SLATKIN & REYNOLDS, P.A.
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished via the Court's CM/ECF electronic noticing system Douglas A. Bates, Esq., dbates@clarkpartington.com, jmedina@clarkpartington.com; Steven W. Bowden, Esq., bowden100@yahoo.com; A. Edward Cangelosi, Esq., ecangelosi@cangelosilaw.com; Jodi D. Cooke, Esq., jcooke@srbp.com, lhathaway@srbp.com; James S. Duncan, Esq., scott@borowski-duncan.com, ted@borowski-duncan.com; Jason H. Egan, Esq., jason.h.egan@usdoj.gov; J. Steven Ford, Esq.,  jsf@whsf-law.com, melissa@whsf-law.com; Shari T. Greene, Esq., shari@stglaw.net; Louis E. Harper, Esq.,  bo@harperlawpa.com,  becky@harperlawpa.com; Amber   L.   Rumancik,   Esq., arumancik@foley.com,      dcollins@foley.com;      Trevor     A.     Thompson,     Esq., tthompson@clarkpartington.com,  cbloor@clarkpartington.com; Darryl  S.  Traylor,  Esq., steve@borowski-traylor.com; United States Trustee, USTPRegion21.TL.ECF@usdoj.gov; John E. Venn, Trustee, johnvenntrustee@aol.com, jweber1861@aol.com; William Von Hoene, Esq., william@vonhoenelawfirm.com Angelina E. Lim, Esq., angelinal@jpfirm.com and all other parties entitled to receive notice via the Court's CM/ECF electronic noticing system on this 8th day of October, 2019.

 /s/ Robert F. Reynolds
ROBERT F. REYNOLDS

**SLATKIN & REYNOLDS, P.A.**
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880